**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| **WEST GAINES SEED, INC.,** | § | |
|     **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **PENN MILLERS INSURANCE COMPANY,** | § | |
|     **Defendant.** | § | |

**ORIGINAL COMPLAINT**

TO THE HONORABLE SAM R. CUMMINGS:

Plaintiff, West Gaines Seed, Inc. files this Original Complaint complaining of Penn Millers Insurance Company, and would show:

**PARTIES**

1.      Plaintiff, West Gaines Seed, Inc. is a Texas Corporation with its principal place of business in Seminole, Texas. The property that is the subject of this lawsuit is located in Seminole, Gaines County, Texas.

2. Defendant, Penn Millers Insurance Company ("Penn Millers"), is a Pennsylvania Corporation, with its principal place of business located at 72 N Franklin St, Wilkes-Barre, PA 18773. It can be served with process through its registered agent Denise Harper at Rr 2 Box 132, Lubbock TX 79415 -9734.

**JURISDICTION AND VENUE**

3.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(2) and 28 U.S.C. §§ 2201, 2202. Penn Millers is a citizen of the state of Pennsylvania. West Gaines Seed, Inc. is a citizen of Texas. An actual controversy exists which arises from

damage to West Gaines Seed's property in Seminole, Texas. The matter in controversy exceeds $75,000, exclusive of interest and costs.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events giving rise to this action occurred in this Court's judicial district and the subject property is located in this Court's judicial district.

## FACTUAL BACKGROUND

5.      Plaintiff and Defendant entered into an insurance contract identified as Policy PAC 2604963-02 to insure the properties located at 1375 Hwy 62/180 West, Seminole, TX 79360 and 998 Hwy 62/180 West, Seminole, TX 79360.

6.      On or about June 4, 2014, the covered properties were damaged by a catastrophic hail/wind storm. Leaks began appearing in Fall 2014, but it was not discovered that the property had suffered significant hail/wind damage until August/September 2016, when West Gaines contracted with a roofing contractor to bid on r Millers eplacement roofs. Upon discovery of the damage, Plaintiff reported a claim to Defendant on September 26, 2016. The claim is identified as Claim No. 2016001344.

7.      After an informal investigation by an additional expert, Plaintiff confirmed the existence of hail and wind damage at the property associated with the June 2014 storm. However, the insurer performed an inspection on the property on October 27, 2016 and determined that there was "no functional hail damage" to any of the roofs in a verbal report dated November 17, 2016.

8.      Plaintiff pointed out the absence of a "cosmetic damage" exclusion under the Policy and demanded complete replacement of the damaged property in a letter to Defendant dated November 21, 2016.

9.      Despite the fact that defendant had already stated that it had concluded its investigation and had come to a conclusion, Defendant responded by requesting additional information, months later than the required Texas Insurance Code deadlines and the inspection it previously performed. Based upon the response from Defendant, Plaintiff determined that it was at an impasse with Defendant as to the scope and value of damage to the covered properties. Due to the impasse, Plaintiff pointed out Defendant's violations of the Texas Insurance Code and demanded the parties enter into the contractually authorized Appraisal process in a letter dated November 23, 2016.

10.     Defendant performed a flawed and biased investigation of the damage through a third-party engineer, HAAG Engineering, who has a documented history of producing biased and fraudulent engineering reports on behalf of insurance companies to wrongfully deny property damage claims. HAAG produced an initial written report dated December 5, 2016 and a correction report on December 9, 2016, both stating that it was "highly unlikely that hail falling at the site during June 2014 had dented the roofing panels." Among the glaring inaccuracies in HAAG's report are its determinations that damage was caused by storms prior to 2010 on structures that were not built until 2010 or later, and its attempt to characterize damage as not affecting the functionality of the roofs, when the functionality of the damage was not at issue due to the absence of a cosmetic damage exclusion under the Policy.

11.     Based upon those reports, Defendant adopted the fraudulent, incorrect, and incomplete positions of HAAG, denied Plaintiff's claim, and refused to participate in Appraisal in breach of the insurance policy, in a December 5, 2016 letter.

12.     Based upon Defendant's denial of the claim, Plaintiff submitted the claim to its then insurer, Nationwide Mutual Insurance Company ("Nationwide") in December 2016.

Nationwide performed an investigation of the damage to the property and issued its own engineering opinion letter on February 10, 2017, finding "a hailstorm on June 7, 2014, resulting in dents to the roof covering, roof trim components, roof gutters and roof vents, where present, at all buildings at the Main Complex… This storm also caused dents in the light gauge access covers at the grain tanks near the Wheat Plant… [Further documented damage has] allowed rainwater to enter the buildings."

13.     Plaintiff has retained its own engineer who has stated that multiple roofs at the covered location have suffered hail and wind damage due to the June 2014 storm.

14.     Defendant has consistently refused to make meaningful attempts to investigate and resolve Plaintiff's claim and has actively attempted to mischaracterize and wrongfully manipulate evidence to misrepresent the value of the claim, in violation of the Texas Insurance Code by:

    a.   Misrepresenting coverage issues underlying the policy;

    b.   Misrepresentation of damage items;

    c.   Attempting to settle the claim without performing a full and adequate investigation of the loss;

    d.   Refusing to acknowledge reports showing hail damage;

    e.   Wrongfully denying the claim;

    f.   Misrepresenting the value and scope of hail damage losses at covered properties both verbally and in writing;

    g.   Colluding with its adjusters and engineers to misstate the value and devalue the damages;

    h.   Unreasonably delaying settlement offers on location valuations despite the insurer's liability becoming reasonably clear;

i.  Refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

j.  Misrepresenting that an investigation had been completed when it had not been completed;

k.  Making untrue statements of material fact about the scope and value of the damages;

l.  Failing within a reasonable time to affirm or deny coverage of a claim;

m.  Failing within a reasonable time to request inspections, proofs of loss, or any other items the insurer believed necessary to evaluate the claim;

n.  Failing to adopt and implement reasonable standards for the prompt investigation of claims under the policy;

o.  Refusing to participate in contractually mandated alternative dispute resolutions, including Appraisal;

p.  Compelling Plaintiff to institute a lawsuit to recover an amount due under the policy by offering substantially less than the amount ultimately recovered; and

q.  Failing to timely pay claims.

15.     Plaintiff has provided to Defendant all information necessary to pay the claim or to participate in Appraisal. All prerequisites under the Policy have been met.

16.     Defendant continues to refuse to pay the amounts owed under the Policy or participate in the Appraisal Process in breach of the insurance contract and its common law and statutory obligations.

## CAUSES OF ACTION

17.     **Breach of Contract.**  Plaintiff incorporates the allegations of paragraphs 5-16 the same as if fully set forth herein. Plaintiff and Defendant entered into an insurance contract. Plaintiff

complied with all provisions of the insurance policy. Defendant breached a material provision of the contract by refusing to pay amounts owed under the insurance contract after a loss and refusing to participate in Appraisal. Plaintiff was damaged by Defendant's breach.

18.     **Violations of the Texas Insurance Code.**     Plaintiff incorporates the allegations of paragraphs 5-16 the same as if fully set forth herein. Defendant failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the claims when liability was reasonably clear in violation of Texas Insurance Code Section 541.060(a). Specifically, Defendants:

a.   Misrepresented to Plaintiff material facts and policy provision related to coverage at issue, including but not limited to:

1)   Misrepresenting the cause of damage;

2)   Misrepresenting that damage was excluded under the Policy when it was not;

3)   Misrepresenting the scope and value of the damage;

4)   Misrepresenting the insurer's obligation to investigate the claim;

5)   Misrepresenting the insurer's obligation to pay the claim;

6)   Misrepresenting the insurer's obligation to participate in the Appraisal process;

7)   Misrepresenting the time frame in which the insurer was required to act under Texas Insurance Code chapter 542;

8)   Misrepresenting the information and forms required to be provided by the insured and the timelines in which that information was to be requested by the insurer; and,

9)   Misrepresenting coverage under the policy during both the underwriting and claims processes.

b. Performing unfair methods of competition and unfair and deceptive acts or practices, including but not limited to:

  1) Making untrue statements of material fact, including statements about the amount of damage and coverage for damage;

  2) Failing to state material facts necessary to make other statement made not misleading, considering the circumstances under which the statements were made;

  3) Making statements in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

  4) Making a material misstatement of law; and

  5) Failing to disclose a matter required by law to be disclosed.

c. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear, both before appraisal was initiated and after the appraisal award was issued;

d. Failing to promptly provide a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of the claim;

e. Failing within the deadlines required under Texas Insurance Code chapter 542 to affirm coverage of the claim; and

f. Refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

These Unfair Settlement Practices caused direct damages to Plaintiff which would not have been incurred absent Defendant's delays and misrepresentations. Plaintiff is entitled to treble damages, court costs, and its attorney's fees pursuant to Texas Insurance Code 541.152.

19.     Further, Defendant committed unfair settlement practices in violation of Texas Insurance Code chapter 542 by:

   a.  Failing to, within 15 days (or 30 days for a surplus lines insurer) request from Plaintiff all items, statements, and forms that the insurer reasonably believes would be required, including information regarding other potential dates of loss and a sworn proof of loss (542.055);

   b.  Failing to, accept or reject the claim within 15 business days within receipt of all requested information, statements, or forms timely requested (542.056);

   c.  Failing to pay amounts due within 5 business days of receipt of the information necessary to pay the claim (542.057); and

   d.  Failing to pay the claim in whole within 75 days (90 days for a surplus lines insurer) after notice of the claim (542.058).

Under Texas Insurance Code 542.060, Plaintiff is entitled to an 18% per annum penalty on the entirety of the amounts due under the Policy, starting at the earliest violation of chapter 542 and running until the date that the appraisal award is paid, as well as its attorney's fees and court costs.

20.     **Negligence.** Plaintiff incorporates the allegations of paragraphs 5-16 the same as if fully set forth herein. Defendant owed a duty to Plaintiff to perform a reasonable and thorough investigation. Defendant was negligent and grossly negligent in conducting their inspection and investigation and knowingly adopting the incomplete and inaccurate positions of its retained engineer. Further, Defendant failed and refused to perform a proper investigation of the qualifications of its engineer before hiring the firm or relying upon the firm's opinions. These breaches of Defendant's duties caused damage to Plaintiff.

**ATTORNEYS' FEES**

21.     **Attorneys' Fees.**  As a result of Defendants' failure to pay the amounts due and owing under the policy, Plaintiff retained the undersigned counsel. Plaintiff agreed to pay the undersigned counsel a reasonable fee. Plaintiff is entitled to recover attorney's fees under Texas Civil Practice & Remedies Code chapter 38 and Texas Insurance Code sections 541.152 and 542.060.

**JURY DEMAND**

22.     **Jury Demand.** Plaintiff requests a jury.

**PRAYER**

23.     Plaintiffs pray that Defendant be cited to appear and answer herein and upon hearing that Plaintiffs recover judgment against the Defendant for the following:

      a.     Actual damages;

      b.     Attorneys' fees for services rendered and that are allowed by law;

      c.     Post-judgment interest and costs;

      d.     Treble damages, and exemplary damages as allowed by law;

      e.     18% penalties and interest as allowed by law; and

      f.     All other relief to which Plaintiff may show itself entitled in law or in equity.

Respectfully submitted,

Kelly Utsinger
State Bar No. 20416500
kelly.utsinger@uwlaw.com
Benjamin D. Doyle
State Bar No. 24080865
ben.doyle@uwlaw.com
UNDERWOOD LAW FIRM, P.C.
500 South Taylor, Suite 1200
P.O. Box 9158
Amarillo, TX 79105
Telephone: (806) 376-5613
Fax: (806) 349-9476

/s/ Benjamin D. Doyle

**ATTORNEYS FOR PLAINTIFF**