**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| **WEST GAINES SEED, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **NO. 5:17-cv-00103-C** |
| | § | |
| **PENN MILLERS INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

**PENN MILLERS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER PARTIALLY GRANTING SUMMARY JUDGMENT, AND INCORPORATED BRIEF**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Penn Millers files this Response to Plaintiff's Motion for Reconsideration of Order Partially Granting Summary Judgment, and Incorporated Brief [D.E. 58] (the "Motion"). In its submission Plaintiff offers nothing new and simply repackages its prior meritless arguments in new wrappings. First, Plaintiff fails to produce any new evidence supporting a "significant change in circumstances" that could justify reconsideration. Second, Plaintiff's "new evidence" is not new — Plaintiff has possessed the information identified in its motion for months, Plaintiff simply re-offers it now in different form. Finally, Plaintiff mischaracterizes his "new evidence," misapplies federal procedural rules, and ignores Texas substantive law. There is no basis for Plaintiff's Motion for Reconsideration, and the Court should deny it.

## I. West Gaines Fails to Demonstrate the "Significant Change in Circumstances" Required on a Motion for Reconsideration.

Plaintiff's Motion should be denied, because Plaintiff fails to address the gravamen of reconsideration that is a demonstration a "significant change in circumstances" has occurred. Federal Rule of Civil Procedure 60 governs motions to reconsider orders granting summary

judgment. *Alverado v. AutoZone, Inc.*, 2002 U.S. Dist. LEXIS 2340, *13 (N.D. Tex. 2002) (J. Cummings, denying motion to reconsider order granting partial summary judgment). Plaintiff incorrectly cites *Ford v. Elsbury*, 32 F.3d 931 (5th Cir. 1994). *Ford* does not address motions for reconsideration of orders under Rule 60. *Ford* addresses motions to alter or amend final judgments under Rule 59. This is not a trivial point, because Rule 59 is more flexible with respect to the underlying grounds that must be shown. *Id.* at 937.

"Rule 60(b) (5) requires the party seeking modification of a decree to *bear the burden of establishing that a significant change in circumstances warrants revision of the decree*." *Id.* at *14 (citing *Rufo v. Inmates of Suffolk County Jail,* 502 U.S. 367, 383 (1992), emphasis supplied). "Rule 60(b)(5) provides that a party may obtain relief from a court order when 'it is no longer equitable that the judgment should have prospective application,' not when it is no longer convenient to live with[.]" *Rufo*, 502 U.S. at 383 (quoting, Fed. R. Civ. P. 60). "A party may meet this burden in one of two ways: by showing either a significant change in factual conditions or in law." *Alverado*, 2002 U.S. Dist. LEXIS 2340 at *14 (quoting *Cooper v. Noble*, 33 F.3d 540, 543 (5th Cir. 1994)). A Rule 60(b) (5) motion must be made within a "reasonable time," "which depends upon the particular facts and circumstances of the case." *McCorvey v. Hill*, 2003 U.S. Dist. LEXIS 12986 *9 (N.D. Tex. 2003). Depending on the posture of the case, "time ranges of weeks . . . [have been found] *not* to be within a reasonable time," depending on the circumstances before the Court. *Id.* at *10 (discussing wide array of time frames found reasonable or unreasonable, depending on the specific posture of the case).

The Court must also consider the prejudicial impact granting Plaintiff's motion would have on Penn Millers. Significant change within the meaning of Rule 60 means "a change in circumstances that creates conditions sufficiently inequitable to outweigh the policy in favor of

finality of judgments." *Sec. & Exch. Comm'n v. Kaleta*, 2015 U.S. Dist. LEXIS 130898, at *9 (S.D. Tex. 2015). "[I]n private commercial litigation, the need for finality of judgments . . . will be particularly important." *Id.* at *10. "If the moving party meets this standard, the court should consider whether the proposed modification is suitably tailored to the changed circumstance." *Rufo*, 502 U.S. at 383. Granting Plaintiff's motion for reconsideration at this late stage would prejudice Penn Millers, reintroduce legally impossible claims, and inject factual matters that would confuse the jury. The Court should deny Plaintiff's motion.

## II. Plaintiff's "New Evidence" Addresses Only Known Issues, and Identifies No Substantive New Information.

- Penn Millers' Supplemental Disclosures and Production Do Not Create a "Significant Change in Circumstances."

Plaintiff identifies "new" expert materials purportedly supporting the motion for reconsideration, but the "new" materials are repetitious of previous expert materials. Plaintiff asserts Penn Millers' October 11, 2018 expert witness disclosure and production of Haag Engineering's file on November 26, 2018 created a delay in obtaining evidence relevant to the summary judgment motion. Plaintiff also argues its expert, Dr. Hall, testified October 26, 2018, providing rebuttals to the October 11, 2018 Haag report. [D.E. 58, pg. 3]. This argument is without merit and does not support reconsideration because Plaintiff and its expert already disagreed with Haag's opinions prior to Haag's October 11, 2018 report. [D.E. 15, APP 272].

Significantly, Plaintiff concedes, Plaintiff already had "Haag's previous reports." [D.E. 58, pg. 3]. Haag's previous reports contain the same basic opinion— that it is impossible to determine when the roof damage alleged by Plaintiff occurred. *Compare*, [D.E. 16-1, APP 257-305 (December 5, 2016 report); APP 357-359 (December 9, 2016 report)]; [D.E. 59, APP 906-986 (October 11, 2018 report)]. Plaintiff cites the Court to no evidence in Haag's reports or files

surprised Plaintiff or that would change the outcome of the summary judgment motion, and Plaintiff identifies no conclusions in Haag's October 11, 2018 report that are substantively different from Haag's prior reports. *See also*, [D.E. 59, APP. 909 (summarizing results of prior reports and evidence); (APP 921 (summarizing updates, but explaining their opinion did not change)].

Because Plaintiff fails to articulate a "significant change in circumstances" engendered by its supplemental production and expert witness disclosures, and merely reiterates evidence of which it was previously aware and argued, the Motion should be denied.

- Plaintiff's Suggestion Penn Millers Should Have Second-Guessed Its Own Expert is Misplaced its Motion to Reconsider as well as being Factually and Legally Incorrect.

Though its argument appears clearly misplaced in the context of a Motion to Reconsider, Plaintiff, without citing any change of circumstances to support its motion, asks this Court to impose a duty on Penn Millers unsupported by Texas law. Plaintiff asserts grounds exist on which a jury could find Penn Millers' investigation was unreasonable, because Penn Millers did not investigate its own investigators. Plaintiff is incorrect, both as a factual and a legal matter.

Plaintiff explains "Defendant's adjuster, Todd Glover, admits that the investigation performed by Defendant prior to denying the claim was a pretense for denial and unreasonable." [D.E. 58, pg. 5]. Plaintiff claims Mr. Glover had no training in distinguishing between dates of loss [D.E. 58, pg. 5, (stating "Glover also has no training or education specific to identifying or distinguishing between multiple dates of loss")], but Plaintiff's claim is demonstrably false. In response to the question "[w]hat kind of training did Farm Bureau give you with regard to distinguishing between hail that occurred on a certain date versus hail that occurred on a different date," Mr. Glover answered "[t]hey have a mandatory school in Jackson Mississippi . . . that goes through all types of construction losses." [D.E. 59, APP759-760]. In response to a different

question that was qualified to specifically address hail loss occurring years apart, Mr. Glover responded the training he described did not specifically address that type of circumstance. [D.E. 59, APP 760]. Most significantly, Plaintiff fails to note that none of the experts agree with one another on when which hail storms caused what damage and that failure clearly demonstrates the handicap Plaintiff placed on Penn Millers by not promptly reporting the claim. This argument not only does not support a reconsideration, but it strongly supports Defendants' contention that it was prejudiced by the late notice for the very reason that the passage of time prevented Penn Millers from a timely investigation which might have allowed it to determine when what damage was caused. This argument of Plaintiff offers no support for a Reconsideration.

Plaintiff also criticizes Mr. Glover because he supposedly did not have training on the selection of experts, or the analysis of their reports. [D.E. 58, pg. 5-6]. Setting aside for a moment the notion of experts and why they are relied on it cases such as this, Plaintiff failed to inform the Court that Mr. Glover testified he had personal experience performing the exact same type of field analysis that experts engage in. Q: "[w]hen you served as a senior claims adjuster, were you the person primarily responsible for actually inspecting the property?" A: "Yes." [D.E. 59, APP 762]. Plaintiff also fails to point to any specific training on the hiring and selection of experts Mr. Glover supposedly lacked, and also fails to disclose that Mr. Glover did not need training to "do independent research on the reputation or veracity or character of the professionals that [he] rel[ies] upon in addition to reports[.]" [D.E. 59, APP 766]. Plaintiff also fails to disclose that Mr. Glover has worked with Haag previously, and is familiar with its work. [D.E. 59, APP 767-769].

Even setting aside Plaintiff's selective misquoting and failure to cite relevant portions of the deposition transcript, whether Mr. Glover had training to investigate the background of Haag is a red herring. Haag has provided reports in similar cases, upon which the Fifth Circuit relied in

affirming summary judgment as to the same kind of issues involved in this case. *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.,* 892 F.3d 167, 172 (5th Cir. 2018) (discussing a Haag Engineering report, and affirming summary judgment due to a failure to allocate losses between covered and uncovered events). Where there is no evidence suggesting an expert is "unqualified," (which applies with even greater force here, where the Fifth Circuit expressly relied on the expert at issue, Haag, in affirming summary judgment in *Lowen*) the mere fact an insurance company lacks explicit procedures regarding the analysis of expert witness qualifications, or "to guide employees when they were faced with competing experts' reports . . . standing alone . . . could not lead a reasonable juror to conclude that [the insurer's] reliance was unreasonable." *Lee v. Catlin Specialty Ins. Co.*, 766 F.Supp.2d 812, 822 (S.D. Tex. 2011). "At best, Plaintiff has shown the existence of a dispute between the parties, and conflicting expert reports. This showing is insufficient to survive summary judgment as it fails to create a material question of fact[.]" *Jasso v. State Farm Lloyds*, 2018 U.S. Dist. LEXIS 73208, *13 (S.D. Tex. 2018). "The mere fact that the insurer relies upon an expert report that conflicts with other expert reports does not, by itself, establish that the insurer's reliance was unreasonable." *Id.* at *8. Penn Millers' "failure" to investigate its own investigators is therefore not a basis to grant the Motion.

- Penn Millers' Denial of the Appraisal Process is Irrelevant.

Plaintiff cannot rely on Penn Millers' denial of appraisal to justify reconsideration, because Penn Millers' denial of coverage renders appraisal irrelevant. Appraisal is a dispute resolution procedure focusing on the value of the claim not the existence of coverage. It is cited in policy language but is only applicable if there is coverage. Here there is no coverage due to late notice, thus appraisal is irrelevant. Plaintiff suggests summary judgment should be reconsidered, because Mr. Glover purportedly conceded an existing dispute as to the amount of covered losses (as

distinguished from whether there was any covered loss at all). Plaintiff is mischaracterizing Mr. Glover's testimony. Plaintiff asserts Mr. Glover "admitted" there was a dispute as to the "amount of loss," which should have resulted in an appraisal, and Mr. Glover's assertion that he could refuse an appraisal was therefore a misrepresentation of the policy. [D.E. 58, pg. 9-10]. But, the actual text of Mr. Glover's deposition transcript reveals Plaintiff is materially misquoting Mr. Glover. Mr. Glover testified repeatedly there was not a dispute as to the amount of covered loss, because Penn Millers concluded there was no covered loss. [D.E. 59, APP 855-857]. Q: "[Y]ou say in your letter, the appraisal provisions do not apply— where, as here, there is no covered loss, correct?" A: "Correct." [D.E. 59, APP 857].

Mr. Glover's understanding is legally correct. In cases like this, where an insurer denies the existence of any covered loss, "[a]n unconditional denial occurs . . . when an insurer denies coverage, such that an appraisal of the damages amount will be of no use." *Glenbrook Patiohome v. Lexington Ins.*, 2011 U.S. Dist. LEXIS 14556, at *15 (S.D. Tex. 2011). Further, Plaintiff's argument refusing an appraisal should merit reconsideration is procedurally flawed under Rule 60, because the denial of coverage and dispute about appraisal occurred in 2016, as discussed in Mr. Glover's deposition. [D.E. 59, APP 855-857]. Plaintiff was well aware of this issue and could have raised it or addressed it more thoroughly prior to, and while briefing the motions for summary judgment.

- Plaintiff's Assertion Penn Millers Failed to Timely Investigate is Irrelevant.

Penn Millers timely investigated the alleged loss, once the late claim was made, and it timely addressed the claim. As with Plaintiff's argument regarding the dispute over appraisal, this is an issue Plaintiff was aware of long before briefing the motions for summary judgment, which could have been previously addressed. Procedurally, it is therefore improperly raised. [D.E. 58, pg. 10 (discussing events in 2016)]. As a matter of law, it is also irrelevant. The Court granted

partial summary judgment and held "Plaintiff's bad faith claims cannot withstand summary judgment[.]" [D.E. 40, pg. 2]. Where that occurs, and "an insured joins claims under the Texas Insurance Code with a bad faith claim, all asserting a wrongful denial of policy benefits, <u>if there is no merit to the bad faith claim, there can be no liability on either statutory claim</u>." *Cano v. State Farm Lloyds*, 276 F.Supp.3d 620, 627 (N.D. Tex. 2017). Further, "an insured cannot recover *any* damages based on an insurer's statutory violation if the insured had no right to receive benefits under the policy and sustained no injury independent of a right to benefits." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 489 (Tex. 2018). Plaintiff points to no injury independent of its alleged right to benefits, so an alleged failure to timely investigate is meaningless.

## III. <u>Conclusion and Relief Requested</u>

Plaintiff fails to point to any new evidence that substantially changes the circumstances before the Court, or which materially impacts the claims disposed of on summary judgment. Plaintiff instead highlights information already in existence that was simply reiterated, and information Plaintiff has been aware of for years. These are not grounds to reconsider the Court's order granting partial summary judgment. As a result, Penn Millers requests the Court deny Plaintiff's Motion, and for all other relief just and appropriate under the circumstances.

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

/s/ Kent M. Adams
KENT M. ADAMS
Texas State Bar No. 00869200
Kent.Adams@wilsonelser.com
909 Fannin Street #3300
Houston, Texas 77010
(713) 353-2000 Phone

(713) 785-7780 Facsimile
**ATTORNEY FOR DEFENDANT**
**PENN MILLERS INSURANCE COMPANY**

*And*

MATT D. MATZNER
Texas Bar No. 00797022
CRENSHAW, DUPREE & MILAM, L.L.P.
P.O. Box 64479
Lubbock, Texas 79464-4479
Telephone: (806) 762-5281
Facsimile: (806) 762-3510
mmatzner@cdmlaw.com
**LOCAL COUNSEL FOR DEFENDANT**
**PENN MILLERS INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure, on this 17th day of December, 2018.

Benjamin D. Doyle
STOCKARD JOHNSTON BROWN & NETARDUS
1800 Washington, Suite 307
Amarillo, Texas 79102
*bdoyle@sjblawfirm.com*

/s/ Kent M. Adams
Kent M. Adams